IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM M. WILSON | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv89 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner William M. Wilson, a prisoner confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied and that a certificate of appealability should not be issued. Petitioner has filed objections.

Petitioner asserted numerous grounds for review. The Magistrate Judge concluded all of the grounds for review were without merit. In his objections, petitioner states he objects to the Magistrate Judge's recommendation concerning all of his grounds for review. However he only makes specific objections with respect to two of his grounds for review: (1) he received ineffective assistance of counsel because counsel allowed prejudicial hearsay to be admitted during the punishment phase of his trial and (2) counsel improperly allowed the representation of another client to interfere with his trial.

During the punishment phase of the trial, penitentiary packets were introduced into evidence regarding petitioner's prior convictions. The packets should have only contained documentation concerning the convictions themselves. However, some of the packets also contained the police reports concerning the convictions. The Magistrate Judge concluded that as the police reports were not inflammatory, there was not a reasonable probability petitioner would have received a significantly less harsh sentence if the jury had not seen copies of the police reports. Accordingly,

petitioner had not demonstrated he suffered prejudice because counsel did not object to the police reports being provided to the jury.[1]

In his objections, petitioner asserts the penitentiary packets contained inadmissible evidence and inflammatory statements. He states counsel has provided an affidavit acknowledging her error and stating a juror told her following trial that the jury had read about his prior offenses and relied heavily on this information in determining a sentence. Pointing out that he received the maximum sentence, he contends there is a reasonable probability he would have received a significantly less harsh sentence had the jury not seen the police reports.

The Court disagrees. Along with the police reports, the penitentiary packets contained properly certified judgments and other court documents regarding petitioner's prior convictions. As a result, the jury would have been made aware of petitioner's prior convictions even if the police reports had not been included in the packets.[2] Moreover, the Magistrate Judge correctly stated that the police reports were not inflammatory. The penitentiary packets contained admissible evidence demonstrating petitioner had numerous prior convictions. Further, the evidence heard by the jury during the guilt/innocence phase of the proceeding demonstrated petitioner had committed an aggravated robbery involving the use of a deadly weapon. When petitioner's criminal history and the nature of his offense is weighed against non-inflammatory language and contents of the police reports, it cannot be concluded there is a reasonable probability petitioner's sentence would have been significantly less harsh if the police reports had not been shown to the jury.

While testifying in connection with petitioner's motion for a new trial, counsel said it was a mistake for her to attempt to try two cases during the same week. She states the additional trial caused her to be rushed and resulted in her not objecting to the trial court's decision to limit the *voir*

---

[1] To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show: (1) counsel's performance was deficient and (2) the deficient performance caused the petitioner to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[2] Under Texas law, penitentiary packets are admissible at the punishment phase of the proceeding to show a defendant's prior criminal record. *Cuddy v. State*, 107 S.W.2d 582, 586 (Tex.Crim.App. 1991).

*dire* examination to 30 minutes. Petitioner contends counsel's representation of an additional client resulted in an improper conflict of interest.

In considering this ground for review, the Magistrate Judge concluded that as counsel's duty of loyalty to another client did prevent her from taking any particular action on petitioner's behalf, petitioner's claim was governed by the standard set forth in *Strickland*, rather than that set forth in *Cuyler v. Sullivan*, 446 U.S. 335 (1980).[3] The Magistrate Judge then found that counsel's distraction did not cause petitioner to suffer prejudice.

Petitioner objects, stating counsel acknowledged she let her desire to try an additional case during the same week effect her representation of petitioner. He contends this ground for review should be governed by the *Cuyler* standard.

The Magistrate Judge correctly concluded that as the conflict of interest described by counsel was a conflict between petitioner's interest and counsel's own self-interest, rather than a conflict of interest resulting from counsel's serial representation of clients or simultaneous multiple representation of criminal defendants in the same proceeding, the ground for review is governed by the *Strickland* standard. As petitioner has not demonstrated he suffered prejudice as a result of counsel's distraction, this ground for review does not provide petitioner with a basis for relief.

The Report of Magistrate Judge Nowak, which contains her proposed findings of fact and conclusions of law, as well as a recommendation for the disposition of this action, has been presented for consideration, and having made a *de novo* review of the objections raised by petitioner to the Report, the Court is of the opinion the findings and conclusions of the Magistrate Judge are correct and petitioner's objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus which has been filed pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. All motions not previously

---

[3] In order to prevail on a claim governed by *Cuyler*, a petitioner need not show prejudice.

ruled on are hereby **DENIED**.  A certificate of appealability shall not be issued in this matter.

**SIGNED this 2nd day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE